### SHEINDELMAN et al. v. COLYER et al.

(Supreme Court, Appellate Division, Second Department.    November 22, 1907.)

1. VENDOR AND PURCHASER—CONSTRUCTION OF CONTRACT—QUANTITY OF LAND.
     A contract for the purchase of a tract of land, which was capable of actual visual determination, bounded the land, and stated that it contained about 80 acres. The price was $1,000 per acre, but the total purchase price was not mentioned; that being left to computation when a survey, provided for, should determine the acreage of the tract. The survey showed the area to be about 95 acres. *Held*, that the contract was for the purchase of all the land within the stated boundaries, and performance could not be refused by the vendee because the survey showed a greater acreage than that stated in the contract.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 93–95.]

2. GUARANTY—CONSTRUCTION OF CONTRACT—DEFAULT OF PRINCIPAL.
     Under such circumstances, the assignee of the interest of the vendee under the contract, before the time set by it for the transfer of the land, having entered into a contract for the sale of the land, performance of which by such assignee was guaranteed by a third person, except in case the original vendor's contract should not be fulfilled with the assignee without the latter's fault, the guarantor was not relieved by the refusal of the assignee to perform because the survey showed a greater acreage than that stated in the original contract.

Appeal from Special Term, Kings County.

Action by Samuel Sheindelman and another against Minerva Colyer and Ernestus Gulick. Judgment for plaintiffs, and defendant Gulick appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Menasseh Miller, for appellant.
Herman S. Bachrach, for respondents.

HOOKER, J. On January 30, 1906, Nicolas Clements, as vendor, agreed to sell to Florence C. Smith, the assignor of the defendant Colyer, and Smith agreed to buy, a certain lot of land, with improvements thereon, which was described in the written contract as being on the

southerly side of Hempstead turnpike west of Lynbrook Road, "and being bounded on the east by land now or late of Kinsey, on the south by lands now or late of Kalb, and on the west by lands now or late of one Kiefer, and containing within said bounds about 80 acres, and having at least 1,900 feet on Hempstead turnpike; the said premises being now occupied by the original vendor." The price was $1,000 per acre, and nowhere in the contract was the total purchase price mentioned; that evidently being left to computation when it should be determined how many acres were in the tract of land. It was also provided that:

"The area of said farm shall be determined by a survey thereof to be made by Thomas V. Smith, C. E., and the expense of said survey shall be borne equally by the parties hereto."

Later, and before the time set for the transfer, the vendee, Smith, assigned her rights under this contract to the defendant Colyer, who thereafter entered into an agreement with Lena Rubin, the plaintiffs' assignor, to sell to her the same land, which in the agreement was similarly described. The price was stated to be $1,500 per acre, and nowhere in the contract was the total purchase price mentioned; the reading of the contract leaving it apparent that the total purchase price could not be computed until the exact acreage should be determined. The contract likewise contained a statement that the area of the farm was to be determined by a survey by Thomas V. Smith, C. E., and the expense thereof to be borne equally by the parties of the contract. To induce the vendee Rubin to enter into the contract, the defendant Gulick executed and delivered to her upon sufficient consideration a guaranty, in which it was provided that the defendant Gulick does "hereby guarantee the fulfillment of the within contract by Minerva Colyer, except in case the original vendor's contract shall not be fulfilled with the said Minerva Colyer; provided, however, such failure shall not be brought about, nor shall be, through the fault of the said Minerva Colyer, the vendor under this contract." The plaintiffs' assignor deposited $5,000 with the defendant Colyer as part of the purchase price of the premises, and, on the day mentioned in the contract when the deed should be passed, offered to perform; but title did not pass, owing to the inability of the defendant Colyer to convey title, for she had not as yet obtained her deed from the original vendor, Clements, the reason for which will appear later. This action is to recover from both defendants the sum of $5,000 so deposited, together with the expenses which the plaintiffs' assignor incurred in examining the title. The trial resulted in a verdict for the plaintiffs, and the defendant Gulick appeals.

The inspection of the contract of guaranty will disclose that the appellant was to be relieved of fulfillment on account of the fault of his principal, the defendant Colyer, and this brings us to an examination of the facts, that it may be determined whether the failure to close the title between Clements and Colyer, the vendee's assignee, was through the fault of Clements or Colyer. Pursuant to the contract, a survey was actually made of the farm, and it was found that the acreage was between 95 and 96, instead of "about 80." At the time mentioned in

the contract for the delivery of the deed by Clements he was prepared to execute, but defendant Colyer refused on the ground that under the contract she was not compelled to take title to and pay for nearly 96 acres. It was conceded that the survey was accurate and that there were actually between 95 and 96 acres in the farm, which it will be remembered was described in the contract as being bounded by the lands of three adjoining owners. The land which was the subject of the contract was defined in extent and was capable of actual visual determination. It is apparent that no one was deceived in respect to the amount of the land which it was proposed to sell by the statement "containing within said bounds about 80 acres"; and we do not think that the insertion of this clause was indicative of any intention of the parties that either party should be relieved of the obligations of the contract if the survey thereafter provided to be made should disclose a substantial variation either way.

It is to be noted that there was no provision in the contract between Clements and Smith that in any event the purchase price should be no more than a stated sum, nor that either party should be relieved of the contract if the survey showed more than a certain number of acres. The cases cited by the appellant deal with situations where it was provided in the contract that the purchaser should have a given amount of land, or substantially such. That is by no means this case; for, as we construe the contract between Clements and Smith, it provided for the sale by Clements and the purchase by Smith of all of the land within the stated boundaries, and for a consideration of $1,000 per acre, the acreage to be determined by the survey therein provided for. It is apparent, therefore, that under the facts as stipulated upon the trial of this case the failure in the fulfillment of the contract between Clements and Smith, the original vendor's contract, was through the fault of the defendant Colyer.

Hence the appellant was not relieved of the terms of his guaranty, and the judgment in plaintiffs' favor must be affirmed, with costs. All concur, except HIRSCHBERG, P. J., not voting.